UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
EDISON PATINO,

                        Plaintiff,                              **ORDER**
                                                                                      CV 14-2376 (LDW) (AYS)

                       -against-

AVALON BAY COMMUNITIES, INC.

                        Defendant.
----------------------------------------------------------X

**ANNE Y. SHIELDS, Magistrate Judge:**

      Plaintiff Edison Patino ("Plaintiff") commenced this personal injury action seeking recovery for knee and back injuries alleged to have been suffered on January 4, 2012, while performing construction work at Defendant's premises. Presently before the Court is Defendant's motion, pursuant to Rule 37 of the Federal Rules of Civil Procedure, seeking the imposition of sanctions for Plaintiff's failures to appear at court conferences and to otherwise comply with discovery orders of this Court. For the reasons set forth below, the motion is granted in part.

BACKGROUND

I.     Procedural History

     A.     Initial Scheduling Order and First Discovery Motion

      This case was commenced in April of 2014, and an initial discovery scheduling order was entered by the previously assigned Magistrate Judge. See DE 13. On March 27, 2015, the matter was re-assigned to this Court. Shortly thereafter, Defendant AvalonBay Communities, Inc. ("Avalon Bay" or "Defendant") moved to compel discovery. DE 21. Issues raised by that motion were disposed of by this Court at a conference held on April 29, 2015, DE 22, and set forth in a scheduling order dated May 5, 2015 (the "April 29 Order"). DE 24. The April 29 Order extended fact discovery to July 27, 2015 and required that all expert disclosure be completed by

September 14, 2015. Id. While a settlement conference was scheduled for August 5, 2015, that conference was adjourned and, instead, the court scheduled a status conference for August 17, 2015. See Order dated August 5, 2015.

B. Plaintiff's August 17, 2015 Failure to Appear and the September 3 Order

Plaintiff failed to appear for the August 17, 2015. Two days later, Defendant submitted a letter requesting that the Court reschedule that conference. DE 26. In response, this Court scheduled a status conference for September 3, 2015. See Minute Order dated August 19, 2015. Both parties appeared as required at the September 3, 2015 conference. After discussing the case with counsel, this Court issued directives concerning Plaintiff's deposition, and scheduled Independent Medical Examination ("IME"), including an order that Plaintiff's deposition take place in advance of the scheduled IME in this matter. The parties agreed that the IME, which was to be conducted by an orthopedist, was to be conducted September 22, 2015 (the "Orthopedic IME"). See Minute Order dated September 3, 2015 (the "September 3 Order").

C. Plaintiff's Failure to Appear at IME's and the September 22 Motion

On September 22, 2015, Defendant submitted a motion to dismiss on the ground that Plaintiff failed to follow the Court's September 3 Order by, inter alia, unilaterally cancelling the Orthopedic IME (the "September 22 Motion"). See DE 28. In its motion, Defendant stated it only learned that the orthopedic IME had been rescheduled when it contacted the examiner's office on September 21, 2015. Ultimately, the Orthopedic IME was rescheduled to October 26, 2015, a mere four days before the deadline for expert disclosure.

The September 22 Motion noted further that cancellation of the Orthopedic IME was not the first IME at which Plaintiff failed to appear. Indeed, it was noted that on August 17, 2015, Plaintiff failed to appear for a scheduled examination with Defendant's vocational expert (the

"Vocational IME"). Plaintiff's failure to appear at the Vocational IME necessitated a re-scheduling of that IME to August 25, 2015. Because of the late notice, the expert scheduled to conduct the Vocational IME billed Defendant for his lost time in the amount of $1,414.70. See DE 30, Ex. 1.

D. Plaintiff's October 1, 2015 Failure to Appear and the October 1 Order

After the filing of the September 22 Motion this Court scheduled a status and discovery hearing to be held on October 1, 2015. Once again, Plaintiff failed to appear for the conference. The Minute Order entered on the date of that conference noted Plaintiff's failure to appear and the consequent delay in discovery. Minute Order of October 1, 2015 ("October 1 Order") DE 29; see also Electronic Order Dated October 14, 2015 (denying Motion to Dismiss for Failure to Comply with Discovery). While this Court denied Defendant's motion to dismiss for failure to comply with discovery, the denial was without prejudice to counsel moving for an extension of discovery deadlines, and for the imposition of sanctions for Plaintiff's failure to comply with discovery, including, in particular a request to be reimbursed for the costs associated with the cancelled Vocational IME for which Defendant was billed. See October 1 Order.

E. The Present Motion for Sanctions

In accord with the October 1 Order, Defendant filed the present motion for sanctions.[1] Characterizing Plaintiff's actions repeated and willful violations of orders of this Court, Defendant seeks the following relief:

- Pursuant to Rule 37(b)(2)(A)(iii), striking Plaintiff's complaint in its entirety;
- pursuant to Rule 37(b)(2)(A)(ii) prohibiting Plaintiff from introducing evidence relating to his alleged damages;

---

[1] The Court notes that Defendant has incorrectly docketed the present motion for sanctions as a motion to strike. However, the Court will treat it as a motion for sanctions.

3

- Pursuant to Rule 37(b)(2)(A)(vii) treating Plaintiff's repeated failure to obey this Court's Orders as contempt of court;

- Pursuant to Rule 37(b)(2)(C) ordering Plaintiff to pay all expenses incurred by Defendant as a result of Plaintiff's discovery failures, including all expenses arising out of Plaintiff's August 17, 2015 vocational examination and attorney's fees incurred by Defendant as a result of the August 17, 2015 and October 1, 2015 court-mandated appearances;

- Pursuant to Rule 37(a)(5) ordering plaintiff to pay Defendant reasonable expenses incurred in making this motion, including attorney fees;

- In the alternative, order compelling Plaintiff to comply with all outstanding demands for discovery and further extending the current discovery deadlines.

See DE 30 ¶ 6.

Plaintiff has responded to the motion, Defendant has replied, and the matter is now ripe for decision. DE 30-34. The Court therefore turns to the merits of the motion.

## DISPOSITION OF THE MOTION

I.   The Parties' Positions

Relying on the conduct described above, Defendant asserts that Plaintiff should be sanctioned under Rule 37 as a result of his repeated and willful violations. In short, it is Defendant's position that Plaintiff's conduct was willful, in that he did not appear for two scheduled court conferences, failed to attend his August 17, 2014 IME appointment, rescheduled his September 22, 2014 IME without informing Defendant's counsel, and has frustrated discovery. See DE 30, Ex. 2.

Plaintiff's counsel contends that he has done everything in his power to comply with all the Court orders and to ensure that Plaintiff appears at all required IME's and depositions. As such, he asserts no sanctions or fees should be awarded against Plaintiff's counsel in favor of the Defendant. See Plaintiff's Motion in Opposition ("Pl. Mot. Opp'n"), DE 34 ¶ 9. Plaintiff's counsel additionally argues that he should not be sanctioned for the missed August 17, 2014 IME

because Defendant's expert only waited thirty minutes before canceling the IME, and at no point during the August 17, 2015 IME date was it expressed to Plaintiff's attorney that there would be any charges for Plaintiff's failure to appear. Plaintiff's attorney further points to the fact that his office attempted to drive Plaintiff to the appointment as support of his lack of willfulness. DE 34 ¶ 10. Plaintiff notes his eventual compliance with discovery has not unduly delayed this matter and he therefore urges the Court to refrain, in any event, from invoking the harsh sanctions of dismissal complaint or preclusion of evidence. See DE 34 ¶ 11.

II.  Legal Principles

Rule 37 of the Federal Rules of Civil Procedure sets forth a variety of sanctions that may be imposed upon parties who fail to obey court ordered discovery. Such sanctions range from orders compelling discovery, to striking of pleadings, to outright dismissal. Ehret v. New York City Dept. of Social Services, 102 F.R.D. 90, 92 (E.D.N.Y 1984). The harshest sanctions are appropriate only in the event of repeated defiance of express court orders, or a blatant failure to prosecute. Ehret, 102 F.R.D at 92; Litton Systems, Inc. v. American Tel. and Tel. Co., 700 F.2d 785, 828 (2d Cir. 1983)(noting that the harshest sanctions, such as dismissal should be used sparingly and only when necessary in "extreme circumstances). Thus, dismissal is only appropriate "after consideration of alternative, less drastic sanctions." La Barbera v. ASTC Laboratories, Inc., 2007 WL 1423233, at *2 (E.D.N.Y 2007) (citations omitted).
In addition, Federal Rule of Civil Procedure 37(b)(2)(C) provides that instead of or in addition to imposing sanctions for a party's failure to comply with a court order, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). While the

Second Circuit has never explicitly held that the payment of expenses pursuant to Rule 37(b)(2)(C) is mandatory, it is clear that the burden is on the violator of a discovery order to show that there was a substantial justification for the violation, or that circumstances would make it an award of reasonable expenses unjust. See Novak v. Wolpoff & Abramson LLP, 536 F.3d 175, 178 (2d Cir. 2008) ("use of the word 'shall' certainly suggests that an award of expenses is mandatory unless one of the two exceptions--substantial justification or other circumstance--applies."); Commodity Futures Trading Comm'n v. Royal Bank of Canada, 2014 WL 1259773, at *1 (S.D.N.Y. Mar. 28, 2014) (explaining that the court is not required to consider "the willfulness of [the disobedient party's] conduct" when awarding expenses under Rule 37(b)(2)(C)). See Ingenieria Esterella, S.A. v. Morisseau, 2015 WL 5794334, at *3 (E.D.N.Y. 2015).

III.    The Motion is Granted in Part

There can be no question but that that Plaintiff's attorney failed to obey court orders with respect to appearances at two court-ordered conferences, scheduled to be held on August 17, 2015 and October 1, 2015. It is also clear that Plaintiff failed to appear at both his August Vocational IME and his September Orthopedic IME. The latter failure to appear is arguably a violation of the September 3 Order, which was confirmed the parties' agreement as to the September 22 date. Plaintiff's unilateral cancellation of the August Vocational IME, while not a violation of a court order, was a violation of the parties' discovery agreement, and resulted in the examiner billing the Defense counsel for his time and inconvenience. Both the Orthopedic and Vocational IME's have now gone forward, but only after Plaintiff's conduct resulted in inconvenience and expense to the Defendants.

While the conduct of Plaintiff and his counsel falls within the purview of Rule 37, it

6

appears that now Plaintiff's attorney is working with Plaintiff to further the discovery process. Both IME's have taken place and the requested discovery has been produced. Plaintiff's counsel has submitted the affidavit of a senior paralegal on this case who attests to the fact that she was diligent in her attempts to contact Plaintiff and ensure that he was aware of the August 17, 2015 Vocational IME. While her attempts were not successful, she did arrange for the re-scheduled IME and made sure that Plaintiff attended. See DE 34-2. She states further that she responded to outstanding discovery both before and directly following the instant motion. See DE 34-2 ¶13.

Counsel's conduct and later efforts to comply with this Court's orders and his discovery obligations makes the imposition of the extreme sanction of dismissal or preclusion inappropriate. Accordingly, the Court declines to impose such sanctions under rule 37(b)(2)(A) or 37(b)(2)(B). Thus, although the Defendant is seeking dismissal of the case, the court finds it is not appropriate at this stage. Indeed, dismissal is only appropriate "after consideration of alternative, less drastic sanctions." La Barbera v. ASTC Laboratories, Inc., 2007 WL 1423233 *1, *2 (E.D.N.Y 2007). See Esterella, 2015 WL 5794334, at *3.

As stated above, Federal Rule of Civil Procedure 37(b)(2)(C) provides that instead of or in addition to imposing sanctions for a party's failure to comply with a court order, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). Although Plaintiff has stated there was nothing more they could have done with regard to Plaintiff's IME, the Court notes that Plaintiff's mental state is irrelevant. See Esterella, 2015 WL 5794334, at *3. Plaintiff has not shown that their discovery failures were either substantially justified, or that circumstances would make an award of expenses unjust. See Bowne of N.Y.

City, Inc. v. AmBase Corp., 161 F.R.D. 258, 265 (S.D.N.Y. 1995) ("When a dispute involves differing interpretations of the governing law, opposition is substantially justified unless it involves an unreasonable, frivolous or completely unsupportable reading of the law."). Hence, the Court finds that it is appropriate to sanction Plaintiff under Rule 37(b)(2)(C). This is especially clear with regard to the missed Court appearances. Defendant appeared as required; however, neither Plaintiff nor Plaintiff's attorney appeared. Additionally, Plaintiff has not articulated that the missed Court appearances were substantially justified or an award of expenses would be unjust. Thus, it is reasonable for the Plaintiff's attorney to be compensated for the time expended.

Turning to the missed IME, the Court finds it entirely reasonable for Plaintiff to bear the expense. Although the Plaintiff's attorney stated that no fees were discussed at the August 17, 2015 appointment when the Plaintiff did not appear, that does not negate the reasonableness of such expense. In contrast, regardless of whether it was Plaintiff or Plaintiff's attorney who did not appear for the scheduled examination, it is entirely reasonable to expect the Defendant's attorney to be compensated for the expended time and financial expenditure to procure the appointment, which Plaintiff missed at no fault of Defendant.

However, although the Court finds that it is entirely reasonable for the Plaintiff to bear that expense, the Court has no basis under Rule 37 to sanction Plaintiff by directing him to pay reasonable expenses in connection with the missed August Vocational IME. Although Plaintiff failed to appear at both his August Vocational IME and his September Orthopedic IME, only the September 22, 2015 examination was referenced by court order. See Order dated September 3, 2015. As the Defendant is seeking expenses in connection with the missed August Vocational IME, not the missed September IME, the Court has no basis to direct Plaintiff to bear the

expense. See DE 30, Ex. 1. Indeed, Fed. R. Civ. P. 37 specifically addresses sanctions in connection with a party's failure to comply with a court order. Therefore, as the expenses incurred due to the missed August Vocational IME did not result from Plaintiff's failure to comply with a court order, the Court denies Defendant's request for reimbursement of costs associated with the missed August Vocational IME. The denial is without prejudice to a renewal thereof upon submission of proof that the bill for the missed August Vocational IME was paid by Defendant, as well as submission of case law and relevant Federal Rules in support of its request for Plaintiff to bear the reasonable expenses of a missed IME that was not mandated by the court.

Turning next to the reasonableness of Defendant's attorney to be compensated for the writing of the motion for sanctions, which would have been unnecessary had the Court's orders been followed in their entirety, this Court finds such compensation to be entirely reasonable. Therefore, Defendant's counsel may submit a short letter motion seeking reimbursement of reasonable attorneys' fees, accompanied by affidavits and contemporaneous time records showing work performed, dates, and time spent by legal professionals on behalf of Defendant as a result of Plaintiff's missed court appearances and the writing of the motion for sanctions. The Court will then make a determination as to the reasonableness of the expenses.

## Conclusion

For the foregoing reasons, this Court grants, in part, the motion appearing as Docket Entry 30, to the extent that Defendant's attorney shall be compensated reasonable expenses for attorneys' fees in connection with the Plaintiff's missed court appearances and the writing of the motion for sanctions. The Court will make a determination as to the amount of reasonable attorneys' fees Defendant shall be compensated by Plaintiff upon receipt of Defendant's letter motion detailing the reasonable attorneys' fees it contends should be paid by Plaintiff.

Dated: January 8, 2016
Central Islip, New York

**SO ORDERED:**

 /s/ Anne Y. Shields
Anne Y. Shields
United States Magistrate Judge